Defendant appeals from an allowance of $75.00 a week alimony and counsel fee of $500 pendente lite.
Plaintiff sues for divorce on the ground of extreme cruelty, and seeks maintenance and custody of two children of their marriage. She also seeks to have decreed one half interest to her of properties, title to which was in her and her husband's names and of which she conveyed her interest to a corporation owned by her husband, and restraining the banks from permitting her husband to withdraw moneys from the banks named as defendants.
On the application of plaintiff the defendants were restrained within certain limits. From this order no appeal is taken.
The only matter before us is as to the reasonableness of the allowance of alimony and counsel fee.
From the record it appears that the parties and their two daughters, 17 and 15 years of age, reside in a dwelling house maintained by appellant; that he has made weekly payments to his wife for her support and their daughters', the amount of such payments being in controversy. The wife claims her husband has an income of $10,000 a year; he claims it does not exceed $5,000 a year, out of which he is obliged to pay an income tax, maintain their dwelling house and provide his living expenses. He also claims to have paid other bills incurred by his wife. This latter claim is supported by the affidavits of two employees of appellant, who state they gave to respondent substantial sums of money, at his direction, when she requested same, when he was absent.
Upon consideration of the proofs, we conclude that the allowance of $75 per week was not warranted and is excessive, in light of appellant's income and expenditures and that an allowance of $45 per week would be proper, pending final hearing.
We conclude that the allowance of $500 counsel fee on thependente lite is excessive and should be reduced to $250.
The judgment is modified as stated. *Page 123